UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KERRY L. LATHAN,

    Petitioner,

v.

MICHAEL MARTEL,

    Respondent.

No. 2:17-cv-0464 JAM CKD P

ORDER & FINDINGS AND RECOMMENDATIONS

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a motion to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the motion to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a); ECF No. 7.

**I.    FACTS AND PROCEDURAL HISTORY**

    On March 2, 2017 petitioner filed a document seeking to appeal a decision of the California Supreme Court. ECF No. 1. This court ordered petitioner to file a habeas corpus petition on the court approved form within thirty days from the date of the order. ECF No. 3. Petitioner complied and filed a 28 U.S.C. § 2254 petition challenging his improper "R" suffix designation. The information contained on the form itself is sparse, but the attachments are voluminous. In his grounds for relief, petitioner states that the CDCR and BPH unlawfully entered an "R" suffix designation in his C-file "which they refuse to remove causing possible life

endangerment even as evidence proves this allegation totally false." ECF No. 6 at 4. As his second claim for relief petitioner alleges that the use of the "R" suffix designation contradicts the findings of the BPH and CDCR.

The court also takes judicial notice of petitioner's pending civil rights action in <u>Lathan v. CDCR</u>, 2:16-cv-0757 TLN CMK P, which raises the same challenge to his "R" suffix designation.

**II.     LEGAL ANALYSIS**

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief on his claims challenging his "R" suffix designation. Therefore, the undersigned recommends summarily dismissing the pending habeas petition for the reasons outlined below.

Title 28 U.S.C. § 2254 empowers federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." <u>See</u> 28 U.S.C. § 2254(a). "[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement." <u>Crawford v. Bell</u>, 599 F.2d 890, 891 (9th Cir. 1979) (internal citations omitted); <u>see</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490 (1973) (emphasizing that a petition for habeas corpus "is the appropriate remedy for [a] state prisoner[ ] attacking the validity of the fact or length of [his] confinement"). Accordingly, "habeas jurisdiction is absent, and a [42 U.S.C.] § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003). While habeas corpus and a civil rights action are not necessarily mutually exclusive, <u>Docken v. Chase</u>, 393 F.3d 1024, 1026 (9th Cir. 2004), there must be a sufficient nexus linking the challenged prison condition to the duration of the prisoner's confinement. <u>See</u> <u>Docken</u>, 393 F.3d at 1028 (quoting <u>Ramirez</u>, 334 F.3d at 858).

Here, petitioner has chosen to use both habeas corpus and a civil rights action to challenge his allegedly improper "R" suffix designation. However, federal law limits him to proceeding under 42 U.S.C. § 1983 since there is no allegation that the removal of the "R" suffix designation will lead to his speedier release from custody. Petitioner is not challenging his conviction or sentence, nor does he allege that the "R" custody designation has affected the length of his confinement. While petitioner attached a copy of his May 12, 2015 parole hearing, the court notes that the BPH denied parole based on numerous unsuitability factors including the brutal manner in which the offense was committed, petitioner's prior weapons and robbery arrests, his unstable social history, his lack of credibility during the hearing, his lack of programming while in custody, and a Comprehensive Risk Assessment indicating a moderate risk to reoffend. ECF No. 6 at 184-192. Even if petitioner's "R" suffix was removed from his C-file, the fact and length of petitioner's confinement would remain unchanged. For all of these reasons, the writ of habeas corpus is not the proper remedy for seeking redress of petitioner's "R" suffix designation.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 7) is granted.

IT IS FURTHER RECOMMENDED that the instant petition for a writ of habeas corpus (ECF No. 6) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issue(s). Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484

1 | (2000)). Petitioner is advised that failure to file objections within the specified time may waive
2 | the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 1, 2017

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/lath0464.156.docx