UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KERRY L. LATHAN,

    Petitioner,

v.

MICHAEL MARTEL,

    Respondent.

No. 2:17-cv-0464 JAM CKD P

ORDER

Petitioner, a state prisoner proceeding pro se, has filed a first amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Procedural History of First Amended Habeas Corpus Petition**

On June 1, 2017 this court screened petitioner's first amended habeas corpus petition challenging his improper "R" suffix designation and concluded that the claims presented were not cognizable on habeas because the relief he sought would not lead to his speedier release from custody. ECF No. 8 at 2-3. The court also noted petitioner's pending civil rights lawsuit in Lathan v. CDCR, 2:16-cv-0757 TLN CMK P, which raises the same challenges to his "R" suffix designation. Id. at 2. As a result, the undersigned recommended summarily dismissing petitioner's first amended habeas corpus petition.

While these findings and recommendations were pending, petitioner filed what the Ninth Circuit Court of Appeals liberally construed as an application for leave to file a second or

1

successive 28 U.S.C. § 2254 petition.  See ECF No. 11.  Since his first amended habeas petition was still pending before this court, the Ninth Circuit denied the application as unnecessary.  The Court of Appeal transferred the matter to this court with instructions that petitioner's application be processed as a motion to amend his currently pending habeas petition.  Accordingly, petitioner's motion to amend was filed in this court on June 28, 2017.  ECF No. 12.  In light of these recent events, the court will vacate its June 1, 2017 findings and recommendations and rule on the pending motion to amend.

## II. Motion to Amend First Amended Habeas Corpus Petition

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right within 21 days after serving it.  Whether to grant leave to amend rests in the sound discretion of the trial court.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995) (citing Outdoor Sys., Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir.1993)).  "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).

Petitioner commenced the present action by filing "a document seeking to appeal a decision of the California Supreme Court." ECF No. 3.  In response, the court provided petitioner additional time to file an initial federal habeas petition on the court approved form.  Id.  In this order, the court made clear that it would not "issue any orders granting or denying relief until an action has been properly commenced." Id.

When the initial federal habeas petition was received by the court, it was automatically docketed as a "First Amended Habeas Corpus Petition." ECF No. 6.  However, based on this procedural history, the court will not construe the first amended habeas petition as petitioner's amended pleading as a matter of course.  See Fed. R. Civ. P. 15(a)(1).  So construed, the undersigned will grant petitioner's pending motion to amend since the initial petition has not been served on respondent.  Id.

### III. Plain Language Summary for Pro Se Party

The court is no longer recommending that your current habeas petition be dismissed. Instead, you are being given another chance to file a federal habeas petition that contains any challenges to your 2015 parole denial. This decision does not affect the claims challenging your "R" suffix label which are still pending in Lathan v. CDCR, 2:16-cv-0757 TLN CMK P.

You may take any of the following actions in response to this order: 1) fill out the enclosed 28 U.S.C. § 2254 form with any claims challenging your 2015 parole denial and return it to the court; or, 2) do not complete the enclosed form if you do not want the federal court to review the parole board's denial.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's June 1, 2017 findings and recommendations, ECF No. 8, are vacated;
2. Petitioner's motion to amend the first amended 28 U.S.C. § 2254 petition, ECF No. 12, is granted;
3. Petitioner is granted thirty days from the date of this order to file a second amended habeas corpus petition on the court approved form;
4. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Second Amended Petition";
5. The Clerk of the Court is directed to send petitioner the form for habeas corpus application; and,
6. Petitioner's failure to file a second amended petition will result in a recommendation that this matter be dismissed.

Dated: July 5, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/lath0464.vacatef&r.doc(x)

3